## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DEBORAH KOFLER,**
        **Plaintiff,**


**v.**                                              **Case No.: 8:20-cv-01460-VMC-AEP**


**SAYDE STEEVES CLEANING SERVICE, INC.,**
        **Defendant.**
_____/

### DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S COMPLAINT

Defendant, Sayde Steeves Cleaning Service, Inc. (Defendant/Sayde Steeves), by and through its undersigned attorneys and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files its Motion to Dismiss. For the reasons set forth herein, Defendant respectfully requests that this Court enter an order dismissing Plaintiff's Complaint and Demand for Jury Trial (the "Complaint") and as grounds therefore states:

### FACTS

The Complaint, filed by Plaintiff on June 26, 2020, alleges two causes of action: Count I – FLSA Retaliation and Count II – FFCRA Retaliation; referring to the Fair Labor Standards Act (FLSA) and Families First Coronavirus Response Act (FFCRA).

Plaintiff was an employee of Defendant for approximately one (1) month. Plaintiff quit on her own accord by walking away from her position on April 3, 2020. Oddly enough, Plaintiff then, on April 4, 2020, requested time off for childcare reasons, under the FCRA. At no time during Plaintiff's employment did Plaintiff make any complaints - informal, formal, verbal, or

otherwise regarding overtime or unpaid wages. Defendant employed two (2) employees, including Plaintiff at the time of Plaintiff's separation.

## **LEGAL ARGUMENT**

The legal sufficiency of a complaint is tested by a motion to dismiss. Under Federal Rule of Civil Procedure 12(b)(6) an alleged cause of action may be dismissed when a complaint fails to state a claim upon which relief can be granted. A complaint must assert a plausible claim and it must set forth sufficient factual allegations to support the claim.[1] Pleadings must be more than a "formulaic recitation of the elements of a cause of action" and "naked assertions [of fact] devoid of further factual enhancement" to withstand dismissal.[2] A district court should dismiss a complaint if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief."[3] Additionally, if allegations are merely conclusionary, they are not permitted to be assumed true.[4] Lastly, even if a court decides the factual allegations can be assumed true, the facts must also "plausibly suggest an entitlement to relief."[5]

## **I.        Retaliation in Violation of the FLSA**

Plaintiff's Complaint fails to establish the elements of retaliation under the FLSA and should be dismissed. The FLSA protects formal complaints as well as informal complaints concerning unpaid overtime or wages. Plaintiff cites 29 U.S.C. §215(a)(3) in their Complaint. Under 29 U.S.C. §215(a)(3) "[I]t shall be unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted

---

[1] *Ashcroft v. Iqbal*, 129 S. Ct. at 1949-50 (2009) (citing  *Bell Atlantic Corp v. Twombly*, 550 U.S. 554 (2007)); see also *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998) (explaining that dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory
[2] *Twombly* 550 U.S. at 555.
[3] *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L. Ed. 2d 80(1957)
[4] *Twombly* at 1950.
[5] *Id.*

or cause to be instituted any proceeding under [the FLSA] or related to this chapter, or has testified or is about to testify in any such proceeding. The FLSA has also been interpreted to include complaints made on behalf of other employees and complaints made verbally.[6]

To establish a claim for FLSA retaliation, three elements must be proven:

1. The employee must have engaged in statutorily protected conduct under the FLSA or the employer erroneously believed that the employee engaged in such conduct.

2. The employee must have suffered some adverse employment action(s).

3. A causal link must exist between the employee's conduct and the adverse employment action.[7]

Plaintiff alleges their employment was terminated in retaliation for Plaintiff's request to take protected leave under the FFCRA, an activity Plaintiff alleges is protected under the FLSA. As explained above, to establish a claim for retaliation under the FLSA, an employee must have engaged in a protected activity under the aforementioned statute. Though requesting leave under the FFCRA is a protected activity, it is not recognized as a protected activity under the FLSA. Therefore, Plaintiff fails to allege any facts sufficient to establish Plaintiff's engagement in a protected activity under the FLSA.

Moreover, because Plaintiff resigned on April 3, 2020, the day before making a request for leave under the FFCRA, Plaintiff fails to provide facts demonstrating Plaintiff suffered some adverse employment action. As Plaintiff was no longer employed on the date of the alleged

---

[6] *Kasten v. Sant-Gobian Performance Plastics Corps.,* 563 U.S. 1 (2011) & *Starnes v. Wallace*, No. 15-41341 (5th Cir, Feb. 24, 2017).
[7] *Brock v. Richardson*, 812 F.2d 121, 123, n.1 (3rd Cir. 1987).

termination/adverse employment action due to her own voluntary resignation, Plaintiff fails to establish the second element for a claim of retaliation under the FLSA.

Lastly, Plaintiff fails to prove a causal link between the Plaintiff/employee's alleged protected conduct and Plaintiff's separation from Defendant. As previously stated, Plaintiff was no longer an employee of Defendant's on the date Plaintiff requested FFCRA leave, as Plaintiff quit on April 3, 2020. Furthermore, even if Plaintiff was determined to be an employee of Defendant on April 4, 2020, Plaintiff fails to demonstrate a causal link between Plaintiff's request for leave and Plaintiff's separation apart from mere timing. Consequently, Plaintiff fails to establish any of the three (3) elements necessary for a claim of retaliation under the FLSA. As a result, "Count I - FLSA Retaliation" should be dismissed for failure to state a claim upon which relief can be granted.

## II.      Retaliation in Violation of the FFCRA

Plaintiff also fails to properly establish a claim for retaliation under the FFCRA. To be eligible for leave through the FFCRA, both the employer and employee must qualify.

A covered employer is certain public employers and private employers with fewer than 500 employees.[8] Most employees of the federal government are covered by Title II of the Family and Medical Leave Act, which was not amended by the FFCRA and therefore not covered by the expansions provided to family and medical leave provision included in the FFCRA. Additionally, employers with fewer than 50 employees may qualify for exemptions from the requirement to provide leave due to school closing or child care unavailability if the leave

---

[8] 29 CFR §826.20

requirements would jeopardize the viability of the business.[9] In order to qualify for an exemption, it must be determine by an authorized officer of the business that:

1. The leave requested under either section 102(a)(1)(F) of the Family and Medical Leave Act (FMLA) or section 5102(a)(5) of the Emergency Paid Sick Leave Act (EPSLA) would result in the small business's expenses and financial obligations exceeding available business revenues and cause the small business to cease operating at a minimal capacity;

2. The absence of the Employee or Employees requesting leave under either section 102(a)(1)(F) of the FMLA or section 5102(a)(5) of the EPSLA would entail a substantial risk to the financial health or operational capabilities of the business because of their specialized skills, knowledge of the business, or responsibilities; or

3. There are not sufficient workers who are able, willing, and qualified, and who will be available at the time and place needed, to perform the labor or services provided by the Employee or Employees requesting leave under either section 102(a)(1)(F) of the FMLA or section 5102(a)(5) of the EPSLA, and these labor or services are needed for the small business to operate at a minimal capacity.[10]

To elect this exemption, the Employer must document that a decision has been made pursuant to the criteria in 29 CFR §826.40(b)(1). Additionally, regardless of whether a small Employer has chosen to exempt one of more employees, the Employer is still required to post a notice regarding the FFCRA pursuant to §826.80.

Under the FFCRA, an eligible employee is any employee of a covered employer.[11] An eligible employee of covered private sector employers may be eligible for up to 2 (two) weeks (80 hours, or a part-time employee's two week equivalent) of paid sick leave to care for their child at 2/3 their normal rate of pay or the applicable minimum wage, whichever is higher. An eligible employee can receive a maximum of $200 per day, or $12,000 total over the entire paid sick leave period. In addition, employees who have been employed with their employers for at

---

[9] *Id.*
[10] *Id* at 826.40(b)(1)
[11] *Id.* 29 CFR §826.20

least 30 days may be eligible for up to ten (10) weeks of additional paid expanded family and medical leave to care for their child under certain circumstances related to COVID-19.[12]

When Plaintiff requested leave under the FFCRA, Plaintiff was no longer an employee of Defendant. Plaintiff resigned from her position with Defendant on April 3, 2020. Additionally, at the time of Plaintiff's separation from Defendant, Defendant only had two (2) employees, including Plaintiff. Due to the nature of Defendant's business (cleaning services) and limited number of employees, the loss of Plaintiff would have jeopardized the ability of the company to remain open and risk the financial health of the business. This is because Plaintiff's labor services were required to keep the business operating at minimal capacity. Had Plaintiff been employed on the date the request was made or had Plaintiff made the request during her employment the Defendant would have been within their rights to deny the leave as the Defendant is not a covered employer. As a result, Plaintiff lacks standing to bring a claim for FFCRA leave as she did not have the right to FFCRA leave under either of the above scenarios.

Therefore, Plaintiff's status as a former employee on the date the leave request was made resulted in Plaintiff's ineligibility for leave under the FFCRA. Furthermore, even if Plaintiff was found to be an employee on the date FFCRA leave was requested, Defendant,  as an employer with fewer than 50 employees is not a covered employer and would be within their rights to deny Plaintiff's request due to the risk to the financial health of Defendant which would have occurred had leave been provided. Consequently, Defendant requests this Court dismiss "Count II FFCRA Retaliation".

**CONCLUSION**

---

[12] *Id.*

In conclusion, Plaintiff's claims are fundamentally defective as Plaintiff fails to establish a prima facie claim for retaliation under the FLSA or demonstrate Plaintiff was eligible for leave under the FFCRA. Plaintiff bases their claim for retaliation under the FLSA on Plaintiff's request for FFCRA leave. However, the FLSA does not recognize requests for leave under the FFCRA as a protected activity. Furthermore, Plaintiff was no longer an employee on the date FFCRA leave was requested. Even if Plaintiff was determined to be an employee on April 4, 2020, Defendant, as an employer with fewer than 50 employees, qualifies for an exemption to providing FFCRA leave and therefore would have rightfully denied Plaintiff's leave. This is because the loss of 50% of Defendant's employees would result in concerns for the viability of the company.

Consequently, Plaintiff has failed to sufficiently plead their claims for retaliation under the FLSA and the FFCRA under either *Iqbal* or *Twombly*. Plaintiff has failed to do more than provide a formulaic recitation of the elements of the alleged causes of action. As the allegations are merely conclusionary they are not permitted to be considered as true and Plaintiff's Complaint should be dismissed.

Defendant respectfully requests this Court grant its Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and order Plaintiff take nothing by way of these claims.


Respectfully submitted,

Edison, Edison, & Brandt, PLLC

By: /s/ Michael G. Edison
Michael G. Edison, Esq.
FL Bar No.: 0127324
11268 Winthrop Main Street
Suite 102

Riverview, FL 33578
Office: 813.501.1577
Michael.Edison@eeblawgroup.com
Abbi.Carson@eeblawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4th, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following:

Edison, Edison, & Brandt, PLLC

Christopher J. Saba, Esq.
Wenzel Fenton Cabassa, P.A.
FL Bar No.: 0032016
1110 North Florida Ave.
Suite 300
Tampa, FL 33602
Office: 813.224.0431
csaba@wfclaw.com
tsoriano@wfclaw.com

By: /s/ Michael G. Edison
Michael G. Edison, Esq.
FL Bar No.: 0127324
11268 Winthrop Main Street
Suite 102
Riverview, FL 33578
Office: 813.501.1577
Michael.Edison@eeblawgroup.com
Abbi.Carson@eeblawgroup.com