**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEBORAH KOFLER,**

     **Plaintiff,**

**v.**                           **CASE NO.: 8:20-cv-01460-VMC-AEP**

**SAYDE STEEVES CLEANING**
**SERVICE INC,**

     **Defendant.**

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, DEBORAH KOFLER, by and through undersigned counsel, files her response in opposition to Defendant's Motion to Dismiss Plaintiff's Complaint. The Motion to Dismiss should be denied because the Motion requires this Court to consider "facts" outside the four corners of the Complaint, which does not comport with the standard of review for a Motion to Dismiss. Further, the Motion to Dismiss should be denied because the Complaint sufficiently states a cause of action for retaliation under the Fair Labor Standards Act ("FLSA") and the Families First Coronavirus Response Act ("FFCRA").

## FACTS AND PROCEDURAL BACKGROUND

1.     Plaintiff began working for Defendant as a residential and commercial cleaner on or around February 28, 2020, and she worked in this capacity until on or around April 8, 2020. (Doc. 1 ¶21).

2.     In or around March 2020, Plaintiff's two minor children were affected by school closures due to COVID-19 and as a result were required to stay at home with Plaintiff. (Doc. 1 ¶23).

1

3. On or around April 1, 2020, Plaintiff informed Defendant that her two minor children were at home due to COVID-19 related school closures, and Plaintiff requested paid leave in accordance with the FFCRA. (Doc. 1 ¶24).

4. Defendant failed to respond to Plaintiff's request in regard to her benefits under the FFCRA. (Doc. 1 ¶25).

5. On or around April 8, 2020, Defendant terminated Plaintiff's employment stating that she would be eligible for rehire in six months. (Doc. 1 ¶26).

6. On June 26, 2020, Plaintiff filed a two-count Complaint alleging that she was terminated in retaliation for asking for benefits under the FFCRA in violation of the anti-retaliation provisions of the FLSA and the FFCRA. (Doc. 1).

7. On August 4, 2020, Defendant filed its Motion to Dismiss For [sic] Plaintiff's Complaint. (Dkt 10). The Motion should be denied for the reasons set forth below.

## MEMORANDUM OF LAW

### I. Legal Standard Governing a Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of this statement is "to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When evaluating a motion to dismiss, a court is limited "to the four corners of the complaint." *Wilchombev v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

In ruling on a motion to dismiss for failure to state a claim, the Court "must accept the allegations set forth in the complaint as true." *Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d

1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex. rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) Nonetheless, plaintiffs must still meet some minimal pleading requirements. *Jackson v. Bellsouth Telecomms*., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). Plaintiff satisfied these pleading requirements as to her FLSA and FFCRA retaliation claims.

A. **Defendant Incorrectly Introduces Facts Outside of Plaintiff's Complaint in Support of its Motion to Dismiss.**

As a threshold matter, the "facts" contained in Defendant's Motion to Dismiss should not be considered by the Court at this stage in the proceedings. In Defendant's Motion to Dismiss, Defendant is asking this Court to consider facts that are not contained within the four corners of Plaintiff's Complaint and are, therefore, improper for this Court to consider. When this Court evaluates the four corners of Plaintiff's complaint in the light most favorable to the Plaintiff—by only evaluating the facts alleged in the Complaint—Plaintiff satisfies the standard needed to defeat Defendant's Motion to Dismiss.

II. **Plaintiff Pled a Viable Claim for Retaliation under the FLSA.**

Defendant alleges that Plaintiff has failed to establish the elements of retaliation under the FLSA because (1) Plaintiff's paid leave request under the FFCRA is not protected activity under the FLSA, (2) Plaintiff allegedly voluntarily resigned, and (3) Plaintiff failed to show a causal connection. (Doc. 10, pp. 3-4). However, Plaintiff has alleged sufficient facts to support a *prima facie* claim for FLSA Retaliation.

The FLSA protects persons against retaliation for asserting their rights under the statute. See 29 U.S.C. § 215(a)(3). In order to establish a *prima facie* case for retaliation under the FLSA, the plaintiff must demonstrate the following: "(1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000). Causation can be met by showing close temporal proximity between the protected activity and adverse action by the employer. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

Defendant recognizes that requesting leave under the FFCRA is protected activity. The FFCRA provides that "An Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such an Employee took Paid Sick Leave under the EPSLA." 29 C.F.R. § 826.150(a). The regulation further states that "[a]n Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217." 29 C.F.R. § 826.150(b)(2). Thus protected activity under the FFCRA is also protected activity under the FLSA, and Plaintiff has satisfied the first element of retaliation under the FLSA.

For the second element, Plaintiff pleads that she was terminated on April 8, 2020, Plaintiff was terminated. This is sufficient to satisfy that she suffered an adverse employment action. Defendant's assertion that Plaintiff quit, which is certainly disputed by Plaintiff, cannot be taken into consideration by the Court on a Motion to Dismiss because it is not a fact contained in the four corners of the Complaint.

Finally, Plaintiff sufficiently alleges a causal connection because Plaintiff has alleged that her termination occurred a mere seven days after her protected activity. Thus, this close temporal proximity is sufficient to show a causal connection and satisfy the third element of a *prima facie* claim for retaliation under the FLSA.

Therefore, Plaintiff has sufficiently pled a cause of action for retaliation under the FLSA, and Defendant's Motion to Dismiss should be denied.

### III.     Plaintiff Pled a Viable Claim for Retaliation under the FFCRA.

Defendant alleges that Plaintiff is not an employee under the FFCRA because she was not employed at the time of her protected activity. As explained above, while Plaintiff disputes Defendant's recitation of the facts, Defendant has impermissibly alleged facts outside the four corners of the Complaint that are not subject to review by this Court. The facts before the Court are that Plaintiff engaged in protected activity on April 1, 2020, and was terminated on April 8, 2020. Therefore, taking the Plaintiff's allegations as true, as this Court must at this stage, Plaintiff was an employee of Defendant at the time of her protected activity.

Defendant also alleges that it is not an employee under the FFCRA because it has fewer than 50 employees, and is therefore exempt for the requirements of the FFCRA. However, this exemption is not a blanket exemption as Defendant would suggest. Rather, the U.S. Department of Labor (DOL) created a *limited* exemption for small businesses with fewer than 50 employees *only if* the Act's paid leave requirements would jeopardize the business' viability. In order to qualify for the exemption, an authorized officer of the employer must determine at least one of three scenarios outlined in 29 CFR §826.40(b)(1). To elect this small business exemption, and employer must document that a determination has been made pursuant to the criteria set forth by the Department in § 826.40(b)(1)..

There is no record evidence, other than the self-serving allegations in Defendant's Motion, that Defendant qualifies for this exemption. This exemption will need to be proven through discovery, and at this stage of the proceedings, prior to Plaintiff having the chance to obtain discovery, it would be improper for this Court to make a determination that Defendant qualifies for this limited exemption under the FFCRA. Therefore, accepting Plaintiff's allegations as true, as is required, Plaintiff and Defendant are an employee and employer, respectively, under the FFCRA.

Therefore, Plaintiff has sufficiently pled a cause of action for retaliation under the FFCRA, and Defendant's Motion to Dismiss should be denied.

### IV. Leave to Amend.

If for any reason this Honorable Court is inclined to grant any part of Defendant's Motion to Dismiss, then Plaintiff should be given leave to file a Second Amended Complaint. "A district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a), which directs that leave to amend shall be freely given when justice so requires." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (*quoting Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)).

### CONCLUSION

Plaintiff has sufficiently pled her claims for retaliation under the FLSA and FFCRA, and respectfully requests that this Court deny Defendant's Motion to Dismiss.

Dated this 14th day of August, 2020.

Respectfully submitted,

 s/ Christopher J. Saba
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of August, 2020, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send notice of electronic filing to parties of record.

 s/ Christopher J. Saba
**CHRISTOPHER J. SABA**