UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH KOFLER,

      Plaintiff,

v.                       Case No. 8:20-cv-1460-T-33AEP

SAYDE STEEVES CLEANING
SERVICE, INC.,

      Defendant.

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Sayde Steeves Cleaning Service, Inc.'s Motion to Dismiss (Doc. # 10), filed on August 4, 2020. Plaintiff Deborah Kofler responded on August 14, 2020. (Doc. # 11). For the reasons that follow, the Motion is denied.

**I.   Background**

Kofler began working for Sayde as a residential and commercial cleaner on February 28, 2020. (Doc. # 1 at 3). Around this time, Kofler asked to take two weeks of unpaid leave in mid-April "to help care for her newborn grandchild." (Id.). Sayde agreed. (Id.).

In March 2020, Kofler's "two minor children were affected by school closures due to COVID-19 and as a result were required to stay at home with [Kofler]." (Id.). "On or

1

around April 1, 2020, [Kofler] informed [Sayde] that her two minor children were at home due to COVID-19 related school closures, and [she] requested paid leave in accordance with the" Families First Coronavirus Response Act (FFCRA). (Id.). Sayde "failed to respond to [Kofler's] request in regard to her benefits under the FFCRA." (Id. at 4).

"On or around April 8, 2020, [Sayde] terminated [Kofler's] employment stating that she would be eligible for rehire in six months." (Id.). According to the complaint, Sayde "retaliated against [Kofler] for pursuing her rights under the [Fair Labor Standards Act (FLSA)] and the FFCRA by terminating her employment." (Id.).

Kofler initiated this action on June 26, 2020, asserting claims for FLSA retaliation and FFCRA retaliation against Sayde. (Doc. # 1). Now, Sayde moves to dismiss the complaint. (Doc. # 10). The Motion is ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the

complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901
F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal
citations omitted). Courts are not "bound to accept as true
a legal conclusion couched as a factual allegation." <u>Papasan
v. Allain</u>, 478 U.S. 265, 286 (1986). The Court must limit its
consideration to well-pleaded factual allegations, documents
central to or referenced in the complaint, and matters
judicially noticed. <u>La Grasta v. First Union Sec., Inc.</u>, 358
F.3d 840, 845 (11th Cir. 2004).

## III. <u>Analysis</u>

### A. <u>FLSA Retaliation</u>

In Count I, Kofler asserts a claim for FLSA retaliation,
arguing that Sayde fired her in violation of the FLSA because
she had requested FFCRA leave. (Doc. # 1 at 4). The FLSA makes
it unlawful

> to discharge or in any other manner discriminate
> against any employee because such employee has

3

filed any complaint or instituted or caused to be
instituted any proceeding under or related to this
chapter, or has testified or is about to testify in
any such proceeding, or has served or is about to
serve on an industry committee.

29 U.S.C. § 215(a)(3). To state a claim for FLSA retaliation,
a plaintiff must allege that: "(1) she engaged in a
statutorily protected activity; (2) she subsequently suffered
adverse action by the employer; and (3) a causal connection
existed between the employee's activity and the adverse
action." Keith v. Univ. of Miami, 437 F. Supp. 3d 1167, 1171
(S.D. Fla. 2020).

Sayde raises multiple arguments for dismissal of this
claim. None are persuasive. First, it argues that Count I
fails to state a claim because Kofler has not plausibly
alleged that she engaged in protected activity under the FLSA.
(Doc. # 10 at 3). The complaint asserts that Kofler "engaged
in protected activity under the FLSA" by "pursuing her rights
under the FFCRA." (Doc. # 1 at 4).

Although the FLSA and FFCRA are different statutes,
retaliation for asserting rights under the FFCRA violates the
FLSA. The FFCRA prohibits employers "from discharging,
disciplining, or discriminating against any Employee because
such Employee took Paid Sick Leave under the [Emergency Paid
Sick Leave Act (EPLSA)]," which is a part of the FFCRA, or

4

"because such Employee has filed any complaint or instituted or caused to be instituted any proceeding . . . under or related to the EPLSA." 29 C.F.R. § 826.150(a); Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5104, 134 Stat. 178, 196-97 (2020). Under the FFCRA,

> An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

29 C.F.R. § 826.150(b)(2); Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5105(b), 134 Stat. 178, 197 (2020). Thus, retaliation claims regarding the FFCRA may be brought under the FLSA. Notably, Sayde fails to address the statute and related regulation's language about the FLSA in its Motion.

In light of the above, Kofler has plausibly alleged that she engaged in protected activity under the FLSA by requesting FFCRA leave.

Next, Sayde argues that, "because [Kofler] resigned on April 3, 2020, the day before making a request for leave under the FFCRA, [she] fails to provide facts demonstrating [she] suffered some adverse employment action" and "fails to prove a causal link between" her request for leave and the end of

5

her employment. (Doc. # 10 at 3-4). While Sayde maintains Kofler quit on April 3, the complaint contains no such allegation. Rather, the complaint alleges that Kofler was still employed by Sayde when she requested FFCRA leave and was later fired. (Doc. # 1 at 3-4).

Because the Court must accept the complaint's allegations as true, the Court will not dismiss this claim based on Sayde's representations about Kofler quitting her job before requesting leave. See St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002)("The scope of the review must be limited to the four corners of the complaint."); see also Hayes v. U.S. Bank Nat'l Ass'n, 648 F. App'x 883, 887 (11th Cir. 2016)("In evaluating whether a complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, '[a] court is generally limited to reviewing what is within the four corners of the complaint.' The question is whether the allegations in the complaint, accepted as true, state a claim to relief that is plausible on its face." (citations omitted)).

Finally, even accepting as true that Kofler was fired after requesting leave, Sayde argues that the "mere timing" between Kofler's request for leave and her termination is insufficient to state a plausible claim of retaliation. (Doc.

6

# 10 at 4). The Court disagrees. <u>See</u> <u>Thomas v. Cooper</u> <u>Lighting, Inc.</u>, 506 F.3d 1361, 1364 (11th Cir. 2007)("The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action."). The alleged temporal proximity between Kofler's leave request and termination — a mere seven days — is sufficient to state a claim for retaliation. <u>See</u> <u>McWhorter v. Nucor Steel Birmingham Inc.</u>, 304 F. Supp. 3d 1185, 1194 (N.D. Ala. 2018)(denying motion to dismiss Title VII retaliation claim because "the close timing between Plaintiff voicing concerns to other Nucor employees about Nucor's hiring practices and Plaintiff's expedited termination supports an allegation that he was terminated in retaliation for contacting the EEOC").

Thus, the Motion is denied as to Count I.

## B.   **FFCRA Retaliation**

In Count II, Kofler asserts a claim for FFCRA retaliation, arguing that Sayde retaliated against her by firing her for requesting paid leave under the FFCRA. (Doc. # 1 at 5).

Sayde again argues this claim should be dismissed because Kofler "was no longer an employee of [Sayde]" when she "requested leave under the FFCRA." (Doc. # 10 at 6). But,

again, the Court must accept the complaint's allegations as true. <u>See</u> <u>Hayes</u>, 648 F. App'x at 887. The Court will not dismiss this claim based on Sayde's representations about Kofler quitting her job before requesting leave.

Next, Sayde argues this claim fails because it would qualify for the FFCRA exemption for certain small employers. Specifically, Sayde states that it, "as an employer with fewer than [fifty] employees, is not a covered employer and would be within [its] rights to deny [Kofler's] request due to the risk to the financial health of [Sayde] which would have occurred had leave been provided." (Doc. # 10 at 6).

True, certain employers with fewer than fifty employees may qualify for an exemption from the requirement to provide FFCRA leave to employees. <u>See</u> 29 C.F.R. § 826.40(b)(1)("An Employer, including a religious or nonprofit organization, with fewer than 50 Employees (small business) is exempt from providing Paid Sick Leave under the EPSLA and Expanded Family and Medical Leave under the EFMLEA when the imposition of such requirements would jeopardize the viability of the business as a going concern.").

But this is not a blanket exemption that automatically applies to all small employers. As Sayde acknowledges, an authorized officer of the employer must make certain

8

determinations for the exemption to apply. (Doc. # 10 at 4-5). Specifically, an employer "is entitled to this exemption if an authorized officer of the business has determined that":

> (i) The leave requested under either section 102(a)(1)(F) of the FMLA or section 5102(a)(5) of the EPSLA would result in the small business's expenses and financial obligations exceeding available business revenues and cause the small business to cease operating at a minimal capacity;

> (ii) The absence of the Employee or Employees requesting leave under either section 102(a)(1)(F) of the FMLA or section 5102(a)(5) of the EPSLA would entail a substantial risk to the financial health or operational capabilities of the business because of their specialized skills, knowledge of the business, or responsibilities; or

> (iii) There are not sufficient workers who are able, willing, and qualified, and who will be available at the time and place needed, to perform the labor or services provided by the Employee or Employees requesting leave under either section 102(a)(1)(F) of the FMLA or section 5102(a)(5) of the EPSLA, and these labor or services are needed for the small business to operate at a minimal capacity.

29 C.F.R. § 826.40(b)(1)(i)-(iii). Additionally, "[t]o elect this small business exemption, the Employer must document that a determination has been made pursuant to the criteria set forth by the Department in [Section] 826.40(b)(1)." 29 C.F.R. § 826.40(b)(2).

The complaint includes no allegation that Sayde elected this exemption or satisfied the exemption's requirements.

Determining whether Sayde was indeed exempt will be a fact-specific inquiry that should be left until the summary judgment stage. It is not apparent on the face of the complaint that the FFCRA exemption applies to Sayde and, thus, the Court will not dismiss the FFCRA retaliation claim on this basis.[1]

The Motion is denied for Count II.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Sayde Steeves Cleaning Service, Inc.'s Motion to Dismiss (Doc. # 10) is **DENIED.**

(2)   Sayde's answer to the complaint is due within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of August, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] Given that a retaliation claim related to FFCRA leave can be brought under the FLSA, 29 C.F.R. § 826.150(b)(2), the Court is unsure if it is appropriate for Kofler to assert both an FLSA retaliation claim and a separate FFCRA retaliation claim. Regardless, Sayde did not raise this argument in its Motion, so the Court need not address the issue at this time.