UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBORAH KOFLER,**

    **Plaintiff,**

v.                            CASE NO.:   8:20-cv-01460-VMC-AEP

**SAYDE STEEVES CLEANING
SERVICE, INC. and URBAN
EMPLOYEE MANAGEMENT, INC.,**

    **Defendants.**
_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, DEBORAH KOFLER ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, SAYDE STEEVES CLEANING SERVICE, INC. and URBAN EMPLOYEE MANAGEMENT, INC. ("Defendants"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

    1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for retaliation under 29 U.S.C. § 215(a)(3) and for violations of the Families First Coronavirus Response Act ("FFCRA"), 29 CFR 826.

    2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

    3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant, SAYDE STEEVES CLEANING SERVICE, INC., is a Florida corporation in the business of providing commercial and residential cleaning services and has an office and place of business located in Brandon, in Hillsborough County, Florida.

6. Defendant, URBAN EMPLOYEE MANAGEMENT, INC., provided labor to Defendant, SAYDE STEEVES CLEANING SERVICE, INC., exercised control over the labor so provided, and issued checks to the employees, including Plaintiff.

7. Defendant, URBAN EMPLOYEE MANAGEMENT, INC., is a Florida corporation with an office a place of business located in Brandon, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and thus was an "employee" under the FFCRA.

13. At all times material hereto, Plaintiff was an "eligible employee" within the meaning of the FFCRA.

14. At all times material hereto, Plaintiff was employed at least 30 calendar days by Defendants.

15. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

16. Defendant continues to be an "employer" within the meaning of the FLSA.

17. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

18. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

20. At all times material hereto, Plaintiff was an 'employer" within the meaning of the FFCRA.

21. At all times material hereto, Plaintiff was engaged in commerce or was engaged in an activity affecting commerce.

22. At all times material hereto, Defendant, SAYDE STEEVES CLEANING SERVICE, INC., was a private entity employing fewer than 500 employees.

23. At all times material hereto, Defendant, URBAN EMPLOYEE MANAGEMENT, INC., was a private entity employing fewer than 500 employees.

## FACTS

24. Plaintiff began working for Defendants as a residential and commercial cleaner on or around February 28, 2020, and she worked in this capacity until on or around April 8, 2020.

25. In or around March 2020, Plaintiff's two minor children were affected by school closures due to COVID-19 and as a result were required to stay at home with Plaintiff.

26. On or around April 1, 2020, Plaintiff informed Defendants that her two minor children were at home due to COVID-19 related school closures, and Plaintiff requested paid leave in accordance with the FFCRA.

27. Defendants failed to respond to Plaintiff's request in regard to her benefits under the FFCRA.

28. On or around April 8, 2020, Defendants terminated Plaintiff's employment stating that she would be eligible for rehire in six months.

29. Defendants retaliated against Plaintiff for pursuing her rights under the FLSA and the FFCRA by terminating her employment.

30. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA and the FFCRA.

## COUNT I – FLSA RETALIATION

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

32. By pursuing her rights under the FFCRA, Plaintiff engaged in protected activity under the FLSA.

33. By terminating Plaintiff's employment, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35. Plaintiff was injured due to Defendants' violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

    (c) That this Court enter a judgment, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e) Compensatory damages, including emotional distress, allowable at law; and

    (f) For such further relief as this Court deems just and equitable.

## COUNT II – FFCRA RETALIATION

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

37. Plaintiff has minor children who were subject to school closures due to COVID-19.

38. By requesting paid leave due to Plaintiff's inability to work as a result of her bona fide to care for her two minor children whose schools were closed and/or unavailable due to COVID-19, Plaintiff engaged in protected activity under the FFCRA.

39. By terminating Plaintiff's employment, Defendants retaliated against Plaintiff for engaging in protected activity under the FFCRA.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FFCRA.

41. Plaintiff was injured due to Defendants' violations of the FFCRA.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendants retaliated against Plaintiff in violation of the FFCRA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 14th day of September, 2020.

        Respectfully submitted,

        /s/ Christopher J. Saba
        **CHRISTOPHER J. SABA**
        Florida Bar Number: 0092016
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Direct Dial: 813-321-4086
        Facsimile: 813-229-8712
        Email: csaba@wfclaw.com
        Email: tsoriano@wfclaw.com
        **Attorneys for Plaintiff**