UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBORAH KOFLER,**
    Plaintiff,

v.          CASE NO.: 8:20-cv-01460-VMC-AEP

**SAYDE STEEVES CLEANING SERVICE, INC. and URBAN EMPLOYEE MANAGEMENT, INC.,**
    Defendants.
_____/

**DEFENDANT, SAYDE STEEVES CLEANING SERVICE, INC.'s ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendant, SAYDE STEEVES CLEANING SERVICE, INC. ("Sayde Steeves" or "Defendant"), by and through the undersigned counsel, files this, its Answers and Affirmatives Defenses to Plaintiff's First Amended Complaint and states as follows:

1. Admitted for jurisdiction purposes only.
2. Admitted for jurisdiction purposes only.
3. Admitted for jurisdiction purposes only.

**PARTIES**

4. Without knowledge, therefore denied.
5. Admitted.
6. Admitted.
7. To the best of Defendant, Sayde Steeves' knowledge, admitted.

**GENERAL ALLEGATIONS**

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Admitted.

11. Denied.

12. Denied as alleged.

13. Denied.

14. Admit Plaintiff was an employee for at least 30 calendar days; denied as to Plaintiff's status as an employee at all times material to the instant matter.

15. Admitted as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

16. Admitted as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

17. Admitted as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

18. Denied as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

19. Admitted as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

20. Denied.

21. Denied.

22. Admitted.

23. Without knowledge, therefore denied.

## FACTS

24. Denied as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Denied as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

27. Admitted as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

28. Denied as to Defendant, Sayde Steeves terminating Plaintiff's employment on or around April 8, 2020. Admitted to the extent Defendant, Sayde Steeves, told Plaintiff she would be eligible for rehire in six (6). As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

29. Denied as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

30. Denied as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

## COUNT I – FLSA RETALIATION

31. Defendant reasserts and incorporates by references its responses to paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Denied as alleged as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

33. Denied as alleged as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

34. Denied as alleged as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

35. Without knowledge, therefore denied as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., also without knowledge, therefore denied.

**WHEREFORE**, Plaintiff demands:

(a) Denied.

(b) Denied.

(c) Denied.

(d) Denied.

(e) Denied; and

(f) Denied.

## COUNT II – FFCRA RETALIATION

36. Defendant reasserts and incorporates by references its responses to paragraphs 1 through 30 of the Complaint as if fully set forth herein.

37. Without knowledge, therefore denied.

38. Denied as alleged as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

39. Denied as alleged as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

40. Denied as alleged as to Defendant, Sayde Steeves. As to Defendant, Urban Employee Management, Inc., without knowledge, therefore denied.

41. Without knowledge, therefore denied. As to Defendant, Urban Employee Management, Inc., also without knowledge, therefore denied.

**WHEREFORE**, Plaintiff demands:

(a) Denied.

(b) Denied.

(c) Denied.

(d) Denied.

(e) Denied.

(f) Denied.

## JURY TRIAL DEMAND

Denied that the Plaintiff possesses any triable issues.

Any allegations set forth in the Complaint that are not specifically answered within this Answer and Affirmative defenses is hereby denied. Furthermore, Defendant reserves its right to supplement their Answers in the event such supplementation is needed.

## AFFIRMATIVE DEFENSES

1. As its First Affirmative Defense, Defendant, Sayde Steeves, affirmative avers that Counts I and II, fail to state a cause of action as Plaintiff was no longer an employee of Defendant, Sayde Steeves on the date Plaintiff allegedly requested leave under the FFCRA. As Plaintiff was no longer an employee of Sayde Steeves, Plaintiff did not engage in a protected activity under either the FLSA or the FFCRA.

   Furthermore, even if found to be an employee of Sayde Steeves on the date Plaintiff inquired if the FFCRA documentation provided to Plaintiff by Defendant meant Plaintiff

could take two weeks off, Plaintiff at no time indicated she had minor children who she needed to care for due to COVID-19 related school closures. In fact, during her employment with Sayde Steeves, Plaintiff only mentioned her children in regard to her future grandchild and her daughter driving to the Tampa Bay area to visit. This indicated Plaintiff had at least one child, who was over the age of sixteen, and did not live in the area where she would require Plaintiff's caregiving. Sayde Steeves has documentation of this conversation, which is attached hereto and incorporated herein as "Exhibit A."

Additionally, the FFCRA regulations require employees to provide notice to their employers of the need to take leave and it must include the employee's name, date for which leave is requested, and qualifying reason for leave.[1] If the reason for leave is due to child care stemming from a school closure or unavailability of child care due to COVID-19, the employee must also provide the name of the child being cared for, the name of the school, place of care of child care provider that has closed, and a representation that no other suitable person will be caring the child during the leave.[2] Sayde Steeves received no such notice and Plaintiff has not alleged or demonstrated the existence of such documentation.

Finally, Sayde Steeves, as an employer with fewer than 50 employees, who needed Plaintiff's services, qualifies for an exemption. During March 2020, Sayde Steeves was greatly impacted due to COVID-19 and business had slowed. However, rather than terminate or lay off Plaintiff. Sayde Steeves created alternative tasks for Plaintiff, such as posting advertisements for Sayde Steeves in the hopes of generating more business. Under normal, pre-COVID-19 circumstances, Plaintiff's services were needed by Sayde Steeves

---

[1] Families First Coronavirus Response Act (FFCRA) §826.100
[2] FFCRA §826.20(a)(1)(v)

to keep the business operational at a minimum capacity. As Plaintiff was no longer an employee on the date leave was requested, Sayde Steeves had no obligation to respond or provide documentation indicating Sayde Steeves has elected to use the exemption.

2. As its Second Affirmative Defense, and without admitting any of the above denied allegations, Sayde Steeves affirmatively avers misconduct by the Plaintiff. While Sayde Steeves maintains Plaintiff was no longer an employee on the date Plaintiff inquired about leave under the FFCRA, even if found by the Court to be an employee, Sayde Steeves would have sufficient and valid reasons for the termination of Plaintiff due to Plaintiff's own misconduct. During her employment, Plaintiff was often late, unreliable, hostile, combative, and failed to adequately complete tasks assigned.

WHEREFORE, Defendant, SAYDE STEEVES CLEANING SERVICE, INC., respectfully requests that this Honorably Court enter judgment in favor of the Defendant, Sayde Steeves, and against Plaintiff, DEBORAH KOFLER, for all other relief which this Court deems just and proper.

Respectfully submitted on September 17th, 2020.

Edison, Edison & Brandt, PLLC

By: /s/ Michael G. Edison
Michael G. Edison, Esq.
FL Bar No.: 0127324
11268 Winthrop Main Street, Suite 102
Riverview, FL 33578
Office: 813.501.1577
Michael.Edison@EEBLawgroup.com
Abbie.Carson@EEBLawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17th, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. I further certify that I sent the foregoing document and notice of electronic filing via e-mail to the following:

Edison, Edison, & Brandt, PLLC

| | |
|---|---|
| Christopher J. Saba, Esq. | By: /s/ Michael G. Edison |
| Wenzel Fenton Cabassa, P.A. | Michael G. Edison, Esq. |
| FL Bar No.: 0032016 | FL Bar No.: 0127324 |
| 1110 North Florida Ave. | 111268 Winthrop Main Street |
| Suite 300 | Suite 102 |
| Tampa, FL 33602 | Riverview, FL 33578 |
| Office: 813.224.0431 | Office: 813.501.1577 |
| Csaba@wfclaw.com | Michael.Edison@EEBLawgroup.com |
| TSoriano@wfclaw.com | Abbie.Carson@EEBLawgroup. |

# "EXHIBIT A"

